IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 6 2001

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

JAMES M. TERRY, by and through his mother
and next friend, ARBUNES TERRY                          PLAINTIFF

VS.                          NO. 4 - 0 1 - C V - 0 0 4 5 8  SMR

RICHARD HILL, DEPUTY DIRECTOR,
DIVISION OF MENTAL HEALTH SERVICES,
ARKANSAS DEPARTMENT OF HUMAN            This case assigned to District Judge Reason
SERVICES; in his individual and official     and to Magistrate Judge_____ Ray
capacities; and FRANK ATKINSON, SHERIFF
OF SEBASTIAN COUNTY, in his individual
and official capacities.                               DEFENDANTS

## CLASS ACTION AND INDIVIDUAL COMPLAINT

Plaintiff, James M. Terry, by and through his mother and next friend, Arbunes

Terry, brings this complaint against defendant, Richard Hill, Deputy Director of the

Division of Mental Health Services, Arkansas Department of Human Services ("Deputy

Director"), both as class representative in behalf of himself, individually, and others

similarly situated, and in plaintiff's individual capacity against the Sheriff of Sebastian

County Arkansas, Frank Atkinson, and his agents and successors in office, and in

support of his complaint avers the following:

### I.    PRELIMINARY STATEMENT

1.    This is a class action against the Deputy Director brought by plaintiff in

behalf of all inmates who have been charged with criminal offenses, are confined as

inmates in criminal detention facilities in this state, and are awaiting admittance to the

State Hospital for the Mentally Ill at Little Rock (hereinafter "Arkansas State Hospital" or

"State Hospital"). The issue of his mental competency to stand trial is before the Sebastian County Circuit Court where criminal charges are pending against him.

2.    Plaintiff Terry has undergone a forensic mental evaluation by a staff psychologist at the State Hospital, who found him incompetent to stand trial due to mental disease. The State Hospital recommended that Terry be committed to the hospital for treatment and to be restored to competency.

3.    Plaintiff contends that due to a lack of facilities and qualified personnel, he has not been able to gain admittance to the State Hospital. Plaintiff contends that defendants' failure to provide mental health treatment while he is awaiting admittance to the State Hospital inflicts needless suffering on him, which violates the United States Constitution. Plaintiff also contends that the failure to admit him to the State Hospital after a determination that such admittance is necessary also causes him additional misery, which violates the United States Constitution. The utter neglect of his mental health creates situations that threaten his mental and physical well being and results in the unnecessary deterioration of his overall health and physical condition. See, January 17, 2001 Forensic Report from State Hospital, attached as Exhibit 1, and January 18, 2001 letter to Judge Jim Marschewski from State Hospital, attached as Exhibit 2.

4.    Plaintiff sues the Deputy Director as an individual and as representative of the class of all similarly situated individuals.

5.    Plaintiff also brings this action in his individual capacity, and not as a representative of a class, against the sheriff who has custody, rule, and charge of the criminal detention facility in which plaintiff is incarcerated. Plaintiff contends that he

suffers from harmful and debilitating mental illness and that the sheriff sued in this action has failed to provide adequate care and treatment for this condition. This failure results in unnecessary suffering and creates situations that threaten his mental and physical well being and results in the unnecessary deterioration of his overall health and physical condition.

6.     Plaintiff also asks this Court to declare as unconstitutionally inadequate the criminal detention facility in which plaintiff is incarcerated and the treatment provided plaintiff. Further, plaintiff seeks injunctive relief from this Court and requests that the Deputy Director, Division of Mental Health Services, be immediately required to provide adequate staff and facilities to allow plaintiff's immediate commitment to the State Hospital. Plaintiff also seeks injunctive relief against the defendant sheriff and requests that they be ordered to provide immediately necessary mental health treatment for plaintiff. Finally, plaintiff sues defendant sheriff for compensatory damages.

## II.    JURISDICTION AND VENUE

7.     This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. This Court has pendent and ancillary jurisdiction over the related state claims, pursuant to 28 U.S.C. § 1367(a).

8.     Venue lies pursuant to 28 U.S.C. §§ 1391(b) and 1392(a), as some of the acts complained of occurred in Pulaski County, Arkansas, such county being situated in this district and division, and one of the defendant's official residences is in this county.

9.      Plaintiff has complied with the provisions of the Prison Litigation Reform Act and exhausted his administrative remedies.  See Grievance Form, attached as Exhibit 3.

### III.   PARTIES

10.     Plaintiff James M. Terry is a resident of the State of Arkansas and pretrial detainee at Sebastian County Detention Center.  Plaintiff brings this action in his own behalf and in behalf of all other persons similarly situated, pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.  His claim is typical of the class, and he can adequately represent the class in the action against the Deputy Director.

11.     Defendant Richard Hill is an employee and the Deputy Director, Division of Mental Health Services, Department of Human Services.  In this capacity, he is responsible for the administration of the State Hospital, its facilities, and the delivery of services, including forensic mental health evaluations.  Ark. Code Ann. § 25-10-102.  He is sued individually and in his official capacity.

12.     Defendant Frank Atkinson is an employee and the Sheriff of Sebastian County.  He is responsible for the administration of the jail.  He is sued individually and in his official capacity.

13.     Defendants were at all relevant times and in all actions and failure to act as described in this complaint, acting under color of law and pursuant to their authority as employees of the State of Arkansas or of the county government responsible for the criminal detention facility where plaintiff is detained.

## IV.    CLASS ACTION ALLEGATIONS

14.    The class is so numerous that joinder of all members is impracticable. There are questions of law or fact common to the class.  The claim of plaintiff is typical of the class.  In addition, defendant Deputy Director has acted on grounds general applicable to the class, thereby making final relief appropriate with respect to the class as a whole.  The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class.  The questions of law and fact common to the class will dominate over any questions affecting only individual members, and a class action is superior to other available methods to the fair and efficient adjudication of this controversy.

15.    Plaintiff's claim for injunctive relief against the Deputy Director is derived from a common nucleus of operative facts involving substantially identical issues of fact and law, such that the entire action constitutes a single case that ordinarily would be expected to be tried in one judicial proceeding.  In the interest of judicial economy and fairness, and in order to avoid unnecessary duplication and multiplicity of actions.

## V.    FACTUAL ALLEGATIONS

16.    James M. Terry is a pretrial detainee at Sebastian County Detention Center in Sebastian County, Arkansas.  He has been in that facility since May 17, 2000. Upon motion of his counsel, the Sebastian County Circuit Court, where charges are pending against Terry, issued an order that he be evaluated for mental competency to stand trial.  See, Order, dated November 21, 2000, attached as Exhibit 4.  On January 9, 2001, Terry underwent a forensic mental evaluation at the State Hospital.  In a report and letter dated January 17, 2001 and January 18, 2001, respectively, Charles

H. Mallory, Ph.D, Staff Psychologist, found Terry incompetent to stand trial and reported that commitment to the hospital for in-patient treatment was necessary to restore Terry's fitness. See Exhibits 1 and 2. On February 2, 2001, the Court ordered Terry's commitment to the State Hospital. See, February 2, 2001 Order, attached as Exhibit 5. This has not been done; nor has plaintiff received any treatment since his incarceration.

17.     The failure to provide adequate treatment results in pain and suffering, mental anguish and a deprivation of plaintiff's constitutional rights. The failure to adequately treat plaintiff's mental illness results in the increased risk that plaintiff will harm himself and others.

18.     Defendants' policies, custom or practice regarding mental health care evaluations and the treatment of mental illness for pretrial detainees violates the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and is not reasonably related to legitimate penal objections. In addition, the actions of the individual defendants violate plaintiff's clearly established constitutional rights.

## VI.   **CLAIM FOR RELIEF**

19.     Plaintiff adopts and realleges each and every allegation contained in paragraphs 1 through 19 above as if stated herein word for word.

20.     Despite the knowledge of the risk of harm to inmates from failure to provide mental health evaluations and mental health treatment, defendants do not and have not established, provided or promulgated proper policies, practices or procedures to insure timely mental health evaluations and/or mental health treatment for inmates in criminal detention facilities. See Exhibit 6, Letter dated December 22, 2000, from Davis Thies, Administrator, ASH Forensic Services.

21.     Defendant Deputy Director's failure to provide sufficient hospital beds and staff constitutes a reckless disregard of plaintiff's rights. As a result of defendants' reckless disregard, deliberate indifference, intentional acts, and failure to act, plaintiff has suffered and continue to suffer pain and suffering, mental anguish and a deprivation of his constitutional rights.

22.     Plaintiff is entitled to compensatory and equitable relief, including attorney fees and costs, pursuant to 42 U.S.C. §1983, and 42 U.S.C. §1988.  Plaintiff and the class he represents is entitled to injunctive relief, attorneys fees, and costs, pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff prays for the following relief:

1.     That this Court enter a declaratory judgment for each class member, pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, declaring that the following actions:  (1) the failure to provide adequate facilities and staff at the State Hospital to provide timely inpatient forensic mental health evaluations for inmates of criminal detention facilities; (2) the delay in providing mental health evaluations after being so ordered by the Court; (3) the failure to timely commit detainees to the Arkansas State Hospital for care and treatment; (4) the consequent delay in obtaining an adjudication of the offense for which they are charged; and (5) the failure to provide mental health treatment in the criminal detention facilities violates the rights of plaintiffs to due process of law and their right to be free from cruel and unusual punishment, as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

2. A preliminary and permanent injunction requiring the Deputy Director to provide mental health care in an appropriate setting immediately after being so ordered by the Court or when recommended by a mental health professional who has done a forensic mental status assessment on a detainee in a criminal detention facility.

3. A mandatory injunction to require the sheriff defendant to formulate policies and procedures to provide for adequate mental health care treatment and timely mental health care evaluations for their inmates;

4. A preliminary and permanent injunction to require defendant Atkinson to immediately provide adequate and appropriate medical treatment for plaintiff Terry.

5. Compensatory damages for plaintiff against the Sebastian County defendant;

6. Reasonable attorney fees, interest, and costs for this action, as authorized by 42 U.S.C. § 1988; and other law.

7. All other proper and just relief, whether specifically prayed for in this complaint or not.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2200
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442


By _Bettina E. Brownstein_____
    Bettina E. Brownstein (85019)
    Attorneys for the ACLU of Arkansas

AND

JAMES & CARTER, PLC
500 Broadway, Suite 400
P.O. Box 907
Little Rock, AR 72203
(501) 372-1414


By _____
    Paul J. James (#83091)
    for the ACLU of Arkansas

Attorneys for Plaintiff

## VERIFICATION

STATE OF ARKANSAS

COUNTY OF PULASKI

I, Bettina E. Brownstein do hereby state, on oath, that the facts and information

set forth above are true and correct to the best of my knowledge, information and belief.

Bettina E. Brownstein

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

GAYLE DANECE PORTIS
NOTARY PUBLIC
PULASKI COUNTY, ARK.

My Commission Expires:

10/05

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# Exhibits Attached to Original Document in Court's Case File