IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 24 2001

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

JAMES M. TERRY, by and through his mother
and next friend, ARBUNES TERRY, and
HOWARD ERLER, by and through his mother
and next friend, DIANA HUGHES                 PLAINTIFF

VS.           NO. 4:01CV00458 SMR

RICHARD HILL, DEPUTY DIRECTOR,
DIVISION OF MENTAL HEALTH SERVICES,
ARKANSAS DEPARTMENT OF HUMAN
SERVICES; in his individual and official
capacities; and FRANK ATKINSON, SHERIFF
OF SEBASTIAN COUNTY, in his individual
and official capacities; and BUCK BYFORD,
SHERIFF OF SCOTT COUNTY, in his
individual and official capacities.                 DEFENDANTS

## SUPPLEMENTAL CLASS ACTION AND INDIVIDUAL COMPLAINT

Plaintiff, James M. Terry, by and through his mother and next friend, Arbunes Terry, brings this complaint against defendant, Richard Hill, Deputy Director of the Division of Mental Health Services, Arkansas Department of Human Services ("Deputy Director"), both as class representative in behalf of himself, individually, and others similarly situated, and in plaintiff's individual capacity against the Sheriff of Sebastian County Arkansas, Frank Atkinson, and his agents and successors in office, and

Plaintiff, Howard Erler, by and through his mother and next friend, Diana Hughes, brings this complaint against defendant, Richard Hill, Deputy Director of the Division of Mental Health Services, Arkansas Department of Human Services ("Deputy Director"), both as class representative in behalf of himself, individually, and others similarly

situated, and in plaintiff's individual capacity against the Sheriff of Scott County Arkansas, Buck Byford, and his agents and successors in office, and, in support of their complaint aver the following:

## I. PRELIMINARY STATEMENT

1. This is a class action against the Deputy Director brought by plaintiff Terry in behalf of all inmates who have been charged with criminal offenses, are confined as inmates in criminal detention facilities in this state, and are awaiting admittance to the State Hospital for the Mentally Ill at Little Rock (hereinafter "Arkansas State Hospital" or "State Hospital"). The issue of his mental competency to stand trial is before the Sebastian County Circuit Court where criminal charges are pending against him.

2. This is a class action against the Deputy Director brought by plaintiff Erler in behalf of all inmates who have been charged with criminal offenses, are confined as inmates in criminal detention facilities in this state, and are awaiting a forensic mental evaluation. The issue of plaintiff Erler's mental competency to stand trial is before the Scott County Circuit Court where criminal charges are pending against him.

3. Plaintiff Terry has undergone a forensic mental evaluation by a staff psychologist at the State Hospital, who found him incompetent to stand trial due to mental disease. The State Hospital recommended that Terry be committed to the hospital for treatment and to be restored to competency.

4. The Scott County Circuit Court has ordered Erler to undergo a forensic mental examination to determine his competency to stand trial and whether he was suffering from a mental disease or defect at the time of the alleged offense.

5. Plaintiff Terry contends that due to a lack of facilities and qualified personnel, he has not been able to gain admittance to the State Hospital. Plaintiff contends that defendants' failure to provide mental health treatment while he is awaiting admittance to the State Hospital inflicts needless suffering on him, which violates the United States Constitution. Plaintiff also contends that the failure to admit him to the State Hospital after a determination that such admittance is necessary also causes him additional misery, which violates the United States Constitution. The utter neglect of his mental health creates situations that threaten his mental and physical well being and results in the unnecessary deterioration of his overall health and physical condition.

6. Plaintiff Erler contends that due to a lack of facilities and qualified personnel, he has not been able to gain admittance to the State Hospital for evaluation and treatment. Plaintiff contends that defendants' failure to provide mental health treatment while he is awaiting his evaluation inflicts needless suffering on him, which violates the United States Constitution. Plaintiff Erler also contends that the failure to admit him to the State Hospital causes him additional misery, which violates the United States Constitution.

7. Plaintiffs sue the Deputy Director as individuals and as representatives of the class of all similarly situated individuals.

8. Plaintiffs also bring this action in their individual capacity, and not as a representative of a class, against the sheriff who has custody, rule, and charge of the criminal detention facility in which each plaintiff is incarcerated. Plaintiffs contend that they suffer from harmful and debilitating mental illness and that the sheriffs sued in this

action have failed to provide adequate care and treatment for this condition. This failure results in unnecessary suffering and creates situations that threaten their mental and physical well being and results in the unnecessary deterioration of their overall health and physical condition.

9.      Plaintiffs also ask this Court to declare as unconstitutionally inadequate the criminal detention facilities in which they are incarcerated and the treatment provided them. Plaintiffs also seek injunctive relief against the defendant sheriffs and request that they be ordered to immediately provide necessary mental health treatment for plaintiffs. Finally, plaintiffs sue defendant sheriffs for compensatory damages.

## II.    JURISDICTION AND VENUE

10.     This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. This Court has pendent and ancillary jurisdiction over the related state claims, pursuant to 28 U.S.C. § 1367(a).

11.     Venue lies pursuant to 28 U.S.C. §§ 1391(b) and 1392(a), as some of the acts complained of occurred in Pulaski County, Arkansas, such county being situated in this district and division, and one of the defendant's official residences is in this county.

12.     Plaintiff Terry has complied with the provisions of the Prison Litigation Reform Act and exhausted his administrative remedies. See Grievance Form, attached as Exhibit 1.

13.     Plaintiff Erler's condition is well-known to defendant Sheriff Byford. His mother has made innumerable complaints concerning the lack of treatment of her son. In addition, her son has attempted suicide three times while incarcerated in Scott

County jail and has been intermittently on suicide watch. Therefore, Plaintiff Erler has complied with the provisions of the prison litigation reform act.

### III. PARTIES

14. Plaintiff James M. Terry is a resident of the State of Arkansas and pretrial detainee at Sebastian County Detention Center. Plaintiff brings this action in his own behalf and in behalf of all other persons similarly situated, pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure. His claim is typical of the class, and he can adequately represent the class in the action against the Deputy Director.

15. Plaintiff Howard Erler is a resident of the State of Arkansas and pretrial detainee at Scott County Detention Center. Plaintiff brings this action in his own behalf and in behalf of all other persons similarly situated, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. His claim is typical of the class, and he can adequately represent the class in the action against the Deputy Director.

16. Defendant Richard Hill is an employee and the Deputy Director, Division of Mental Health Services, Department of Human Services. In this capacity, he is responsible for the administration of the State Hospital, its facilities, and the delivery of services, including forensic mental health evaluations. Ark. Code Ann. § 25-10-102. He is sued individually and in his official capacity.

17. Defendant Frank Atkinson is an employee and the Sheriff of Sebastian County. He is responsible for the administration of the jail. He is sued individually and in his official capacity.

18.     Defendant Buck Byford is an employee and the Sheriff of Scott County. He is responsible for the administration of the jail. He is sued individually and in his official capacity.

19.     Defendants were at all relevant times and in all actions and failure to act as described in this complaint, acting under color of law and pursuant to their authority as employees of the State of Arkansas or of the county government responsible for the criminal detention facility where plaintiff is detained.

### IV.     CLASS ACTION ALLEGATIONS

20.     The class is so numerous that joinder of all members is impracticable. There are questions of law or fact common to the class. The claim of plaintiffs are typical of the class. In addition, defendant Deputy Director has acted on grounds general applicable to the class, thereby making final relief appropriate with respect to the class as a whole. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class. The questions of law and fact common to the class will dominate over any questions affecting only individual members, and a class action is superior to other available methods to the fair and efficient adjudication of this controversy.

21.     Plaintiffs' claim for injunctive relief against the Deputy Director is derived from a common nucleus of operative facts involving substantially identical issues of fact and law, such that the entire action constitutes a single case that ordinarily would be expected to be tried in one judicial proceeding. In the interest of judicial economy and fairness, and in order to avoid unnecessary duplication and multiplicity of actions.

## V. FACTUAL ALLEGATIONS

22.  James M. Terry is a pretrial detainee at Sebastian County Detention Center in Sebastian County, Arkansas. He has been in that facility since May 17, 2000. Upon motion of his counsel, the Sebastian County Circuit Court, where charges are pending against Terry, issued an order that he be evaluated for mental competency to stand trial. See, Order, dated November 21, 2000, attached as Exhibit 2. On January 9, 2001, Terry underwent a forensic mental evaluation at the State Hospital. In a report and letter dated January 17, 2001 and January 18, 2001, respectively, Charles H. Mallory, Ph.D, Staff Psychologist, found Terry incompetent to stand trial and reported that commitment to the hospital for in-patient treatment was necessary to restore Terry's fitness. See, January 17, 2001 Forensic Report from State Hospital, attached as Exhibit 3, and January 18, 2001 letter to Judge Jim Marschewski from State Hospital, attached as Exhibit 4. On February 2, 2001, the Court ordered Terry's commitment to the State Hospital. See, February 2, 2001 Order, attached as Exhibit 5. This has not been done; nor has plaintiff received any treatment since his incarceration.

23.  Plaintiff Howard Erler is a pretrial detainee at Scott County Detention Center in Scott County, Arkansas. He has been in that facility since May 9, 2001. Upon motion of defense counsel, the Scott County Circuit Court, where charges are pending against Erler, issued an order that he be evaluated for mental competency to stand trial. See, August 8, 2001, order from Scott County Circuit Court, attached as Exhibit 6. Since his incarceration, plaintiff Erler has attempted suicide three times. The last time resulted in the loss of approximately one liter of blood. The last two times have required

extensive surgery. See, Affidavit of Diana Hughes, attached as Exhibit 7. Plaintiff is not receiving the treatment he needs to prevent his death from suicide.

24. The failure to provide adequate treatment results in pain and suffering, mental anguish and a deprivation of plaintiffs' constitutional rights. The failure to adequately treat plaintiffs' mental illness results in the increased risk that plaintiffs will harm themselves and others.

25. Defendants' policies, custom or practice regarding mental health care evaluations and the treatment of mental illness for pretrial detainees violates the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and is not reasonably related to legitimate penal objections. In addition, the actions of the individual defendants violate plaintiffs' clearly established constitutional rights.

## VI. CLAIM FOR RELIEF

26. Plaintiffs adopt and reallege each and every allegation contained in paragraphs 1 through 25 above as if stated herein word for word.

27. Despite the knowledge of the risk of harm to inmates from failure to provide mental health evaluations and mental health treatment, defendants do not and have not established, provided or promulgated proper policies, practices or procedures to insure timely mental health evaluations and/or mental health treatment for inmates in criminal detention facilities. See Exhibit 8, Letter dated December 22, 2000, from Davis Thies, Administrator, ASH Forensic Services.

28. Defendant Deputy Director's failure to provide sufficient hospital beds and staff constitutes a reckless disregard of plaintiffs' rights. As a result of defendants' reckless disregard, deliberate indifference, intentional acts, and failure to act, plaintiffs

have suffered and continue to suffer pain and suffering, mental anguish and a deprivation of their constitutional rights.

29.     Plaintiffs are entitled to compensatory and equitable relief, including attorney fees and costs, pursuant to 42 U.S.C. §1983, and 42 U.S.C. §1988. Plaintiffs and the class they represents are entitled to injunctive relief, attorneys fees, and costs, pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs pray for the following relief:

1.     That this Court enter a declaratory judgment for each class member, pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, declaring that the following actions: (1) the failure to provide adequate facilities and staff at the State Hospital to provide timely inpatient forensic mental health evaluations for inmates of criminal detention facilities; (2) the delay in providing mental health evaluations after being so ordered by the Court; (3) the failure to timely commit detainees to the Arkansas State Hospital for care and treatment; (4) the consequent delay in obtaining an adjudication of the offense for which they are charged; and (5) the failure to provide mental health treatment in the criminal detention facilities violates the rights of plaintiffs to due process of law and their right to be free from cruel and unusual punishment, as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

2.     A preliminary and permanent injunction requiring the Deputy Director to provide mental health care in an appropriate setting immediately after being so ordered by the Court or when recommended by a mental health professional who has done a forensic mental status assessment on a detainee in a criminal detention facility.

3.  A mandatory injunction to require the sheriff defendant to formulate policies and procedures to provide for adequate mental health care treatment and timely mental health care evaluations for their inmates;

4.  A permanent injunction to require defendants Atkinson and Byford to immediately provide adequate and appropriate medical treatment for plaintiff Terry and plaintiff Erler, respectively.

5.  Compensatory damages for plaintiffs against the Sebastian County defendant and the Scott County defendant, respectively;

6.  Reasonable attorney fees, interest, and costs for this action, as authorized by 42 U.S.C. § 1988; and other law.

7.  All other proper and just relief, whether specifically prayed for in this complaint or not.

Respectfully submitted,

Paul J. James (83091)
JAMES & CARTER, PLC
500 Broadway, Suite 400
P.O. Box 907
Little Rock, AR 72203
(501) 372-1414

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2200
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

By _____
Bettina E. Brownstein (85019)
Attorneys for the ACLU of Arkansas

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

On September __2-4__, 2001, a copy of the foregoing was served by U.S. mail on Frank J. Wills, III, Office of Chief Counsel, Arkansas Department of Human Services, P.O. Box 1437, Little Rock, AR 72203-1437; and Robert M. Sexton, DUNCAN & RAINWATER, P.A., 6315 Ranch Drive, P.O. Box 17250, Little Rock, AR 72222-7250.

_____
Bettina E. Brownstein

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Court's Case File*