

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 14 2003

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES M. TERRY, BY AND
THROUGH HIS MOTHER AND NEXT
FRIEND, ARBUNES TERRY, AND
0RBUNES TERRY                                                           PLAINTIFFS

vs.                         NO. 4:01CV458 SMR

RICHARD HILL, DEPUTY DIRECTOR,
DIVISION OF MENTAL HEALTH SERVICES,
ARKANSAS DEPARTMENT OF HUMAN
SERVICES in his Individual and
official capacities; and FRANK
ATKINSON, SHERIFF OF SEBASTIAN
COUNTY, in his individual and
official capacities                                                     DEFENDANTS

ORDER

On September 17, 2002, this Court tentatively approved the terms of the settlement agreement entered into by the parties to the captioned class action. On October 4, 2002, the Court ordered that notice of the settlement be given to members of the class in the form and manner set forth in that order. Class members were given thirty days from October 4, 2002 in which to voice any objection to the Court in writing. The deadline for objections was November 16, 2002.

Three individuals filed objections to the proposed settlement. Mr. Ronald D. O'Neal filed objections on November 18 and December 13, 2002. Mr. O'Neal complains that he has been waiting for an A.C.A. § 5-2-305 inpatient re-evaluation since July 2, 2002. Mr. O'Neal's only specific objection is that the delay in treatment should not be excluded from the time based to



compute speedy trial violations. While Ark. R. Crim. P. 28.3(a) excludes such delays, the constitutionality of that statute is not an issue in this case.

On December 10, 2002, Ronald D. McJames filed an objection. Mr. McJames had been waiting for an A.C.A. § 5-2-305 inpatient evaluation since August 28, 2002. Mr. McJames also argues that the delay in treatment should not be excluded from the time used to compute speedy trial violations. However, as noted above, the constitutionality of the speedy trial act is not in question in this case.

Mr. Michael Tyrone Cornice filed a motion to intervene on December 5, 2002 and objections on December 19, 2002 . In his motion to intervene, Mr. Cornice complains about problems that occurred during his custody at the Arkansas Department of Corrections ("ADC"). However, inmates housed at the ADC are not members of the class certified by this Court on November 9, 2001. Plaintiffs' response to the Motion to Intervene, reveals that Mr. Cornice was found to be competent and responsible by the Arkansas State Hospital on December 22, 2002. While Mr. Cornice states that he was housed for a period of time at the Pulaski County Jail, he does not make any specific allegations objecting to the terms of the Settlement Agreement. He also request the delay be counted in computing speedy trial, but the Court has noted that is not an issue in this case.[1]

---

[1] Mr. Cornice also requests a new criminal attorney and another mental evaluation. These matters are not before the court and should be addressed by the Court in Mr. Cornice's pending criminal matter.

The parties advise that they have also reached an agreement concerning the payment by defendant of plaintiffs' attorney fees and costs in the total amount of $52,595.52 to the firm of James & Carter and $82,437.90 to the firm of Wright, Lindsey & Jennings LLP. Defendant shall also pay expert witness fees in the amount of $16,200.00 to Robin Ross, M..D. The request for expert fees submitted by Richard Smith, M.D. is still pending. The Court also approves the parties' agreement for the payment of these attorneys' fees, costs, and Dr. Ross' expert witness fees.

The Court finds no further action is required. The settlement agreement is approved in all respects and shall be filed of record with the Court. In keeping with the terms of the settlement agreement, this Court retains jurisdiction to enforce its orders.

SO ORDERED this _14_ day of January, 2003.

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON __1/14/03__ BY____

```
                    F I L E   C O P Y
                                                              bt
              UNITED STATES DISTRICT COURT
                Eastern District of Arkansas
                      U.S. Court House
              600 West Capitol, Suite 402
              Little Rock, Arkansas 72201-3325
```

January 14, 2003


\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  4:01-cv-00458.


True and correct copies of the attached were mailed by the clerk to the following:

    Frank J. Wills III, Esq.
    Arkansas Judicial Discipline & Disability Commission
    Tower Building
    323 Center Street
    Suite 1060
    Little Rock, AR   72201

    Bettina E. Brownstein, Esq.
    Wright, Lindsey & Jennings
    200 West Capitol Avenue
    Suite 2200
    Little Rock, AR   72201-3699

    Paul J. James, Esq.
    James & Carter, PLC
    Superior Federal Building
    500 Broadway, Suite 400
    Post Office Box 907
    Little Rock, AR   72203-0907

    David M. Fuqua, Esq.
    Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.
    Firstar Building
    One Riverfront Place, Eighth Floor
    Post Office Box 5551
    North Little Rock, AR   72119-5551

    Ronald McJames
    PULCJ
    Pulaski County Detention Facility
    3201 West Roosevelt Road
    Little Rock, AR   72204

    Ronald D O'Neal
    PULCJ

Pulaski County Detention Facility
3201 West Roosevelt Road
Little Rock, AR  72204

Charles Robinson Jr
PULCJ
Pulaski County Detention Facility
3201 West Roosevelt Road
Little Rock, AR  72204

Michael Tyrone Cornice
PULCJ
Pulaski County Detention Facility
3201 West Roosevelt Road
Little Rock, AR  72204

 press, post

Date: 1/14/03

James W. McCormack, Clerk

BY: BTyree